HENRY G. WATSON *v.* ELLIOTT ET ALS. { Aug. 11, 1876.

*Accord and satisfaction.*

The doing of an act which the defendant was obliged by law to do, cannot be pleaded as a satisfaction.

To make out an accord and satisfaction, it must be shown that the satisfaction was accepted by the plaintiff.

FROM GRAFTON CIRCUIT COURT.

TRESPASS, for assault and battery. Plea, the general issue, with a brief statement of accord and satisfaction. The action was referred, under the act of 1874, to a referee, who found for the plaintiff, and assessed the damages in the sum of twenty-five dollars, and, at the request of the parties, reported the following statement of facts :

The plaintiff, at the time of the assault, was a police officer of the town of Littleton, and was in the proper discharge of his duties as

such. The defendants were arrested on a warrant issued on a complaint made by the plaintiff, on which they were tried May 29, 1875, before the police court of said town, and were fined as set forth in the defendants' brief statement. The prosecution was carried on at the expense of the town of Littleton, and after the defendants were convicted they were confined in the lobby provided for that purpose, and given time to raise money to pay the fines and costs, and avoid being sent to jail. No appeal having been taken, Warren Elliott obtained assistance to pay his fine and costs. Sumner Elliott and Moses Wells, who were in the employ of one Libby at his mills in Bethlehem, solicited him to aid them in getting released. Libby having been informed that the plaintiff had sued out a writ against the defendants for personal damages, which had been placed in the hands of an officer to be served as soon as the defendants should be discharged in the criminal proceedings, asked the plaintiff if such was the fact, and he informed him that it was. Libby then told the plaintiff he would not advance the money, as he was owing them only a trifle, to get them discharged from the criminal proceedings, if they were immediately to be arrested again in the civil suit; and the plaintiff finally said if Libby would pay the fines and costs against Elliott and Wells he would not arrest them again, if they behaved well, and would call the whole matter settled, as Libby understood it; and the referee finds that he had good reason to so understand it. But the plaintiff understood, not for the present, nor until they had had time to work out what Libby might advance for them; and the plaintiff told Libby if he paid before the train for Haverhill would leave, at 9 A. M. of the next day, it would answer, and Libby returned home without doing anything. That afternoon the policeman who had them in charge went with one of the defendants to Libby's mills to urge him to aid Sumner and Moses in getting released. Several of the mill hands agreed with Libby that if he would pay the fine and costs of Sumner and Moses, they would severally share with him in the loss, if any, that might accrue to him in case the defendants should not work out the amount paid by him; and thereupon Libby gave the police officer his check for the amount, and Sumner and Moses were discharged, and returned to work for Libby.

The referee finds that the defendants had no knowledge nor took any part in the talk between Libby and the plaintiff about discontinuing the civil suit. Nothing was done with the writ in favor of the plaintiff until September 13, 1875, when it was served by arresting all the defendants, and they were held to bail.

The referee is unable to find that there was any legal consideration of which the defendants can avail themselves from the foregoing statements as answer to the plaintiff's claim for damages, but submits that question to the court.

The plaintiff moved for judgment on the report for the damages found by the referee in his favor, which motion the court granted; and the defendants excepted.

Transferred by STANLEY, J., C. C.

CUSHING, C. J.   The referee, reporting the facts found by him, says that he " is unable to find that there was any legal consideration of which the defendants can avail themselves     *     *     as answer to the plaintiff's claim for damages, but submits that question to the court." By which I understand that the question for the court is, whether the facts reported amount in law to an accord and satisfaction.

A plea of accord and satisfaction must aver something done and accepted in satisfaction, and the averment must be proved.   If the demand to be satisfied is a definite sum of money, and the sum to be paid in satisfaction also money, the satisfaction must equal the claim ; but if the claim is for unliquidated damages, or the thing done or given is not money, the question of adequacy does not arise.   It is enough that something substantial, which one party is not bound by law to do, is done by him, or something which he has a right to do he abstains from doing at the request of the other party.

In this case the defendants, adopting and ratifying the negotiations of Libby, which the case finds they knew nothing about when it was made, are obliged substantially to say that they, by their agent Libby, at the plaintiff's request, agreed to pay to the county the fine and costs which had been adjudged against them, and did so pay, and such payment was accepted by the plaintiff in satisfaction.

The agreement fails in this particular, that the parties did not understand it alike ; and it is necessary to hold, as matter of law, that the referee finding that Libby had good reason to understand it as he did, the plaintiff is estopped from denying that such was the agreement.

If we can get so far, it appears from the case that the plaintiff had no interest in the payment of the costs, the prosecution having been carried on at the expense of the town of Littleton ; and also the payment of the fine and costs to the county was just what the defendants were obliged to do by law, so that it could not be in law a satisfaction of any claim of the plaintiff, even though it were done at his request. Neither does the case find that whatever was done was accepted by the plaintiff in satisfaction, or even brought to his knowledge.

The attempt to prove an accord and satisfaction fails, and the exception must be overruled.

LADD and SMITH, JJ., concurred.

*Exception overruled.*